¶ 31} I respectfully dissent from the decision of the majority.
¶ 32} "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." Miller v. Miller
(1988), 37 Ohio St.3d 71, 74. "The discretion of the trial court is not unlimited, but is subject to reversal upon the basis of a showing of abuse of discretion." Baxter v. Baxter (1971),27 Ohio St.2d 168, 172-173 (citation omitted) (emphasis sic). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219 (citations omitted). See Jackson v. Herron,
11th Dist. No. 2003-L-145, 2005-Ohio-4046, at ¶ 13.
¶ 33} The majority opinion finds the conduct of the magistrate in issuing her decision the same day that appellee withdrew his motion for an in camera interview to be arbitrary. The magistrate's decision is not arbitrary.
¶ 34} On August 17, 2004, the magistrate set the hearing date on appellant's Motion to Modify Allocation of Parental Rights and Responsibilities for November 9, 2004. During the next two months, neither party thought it necessary to motion the court for an in camera interview of the child, to motion the court to appoint a guardian ad litem for the child, or to motion the court for a psychological evaluation of the child. Less than two weeks prior to the hearing, on October 28, 2004, appellee filed a motion for an in camera interview of the child.
¶ 35} At the conclusion of the November 9, 2004 hearing, the magistrate announced that she would try to render her decision by the end of the week, "hopefully by tomorrow even," i.e., November 10, 2004. However, appellee's counsel stated that she "thinks" they still wanted an in camera interview of the child. The magistrate attempted to fix a day for the interview with appellant, who had custody of the child. Appellant was unable to provide the magistrate with a date, since she did not have a car and would have to make arrangements with her cousin for transportation. The hearing was adjourned without a date being set for the in camera interview.
¶ 36} The next day, counsel for appellee withdrew appellee's motion for an in camera interview, which allowed the magistrate to render her decision as the magistrate had intended. This was not an arbitrary act, but merely the magistrate doing what she had told the parties she hoped to do.
¶ 37} The majority objects that appellant was deprived of the opportunity of moving for an in camera interview herself. This is not true. Appellant had over two months to move for an in camera interview if she thought it necessary. In her filed objections to the magistrate's decision, appellant argued that not only did the magistrate fail to conduct an in camera interview, but also failed to appoint a guardian ad litem and order a psychological evaluation. Clearly, appellant was not specifically relying on an in camera interview being held any more than she was relying on a guardian ad litem or a psychological evaluation. Appellant is only trying to take advantage of the fact that the appellee moved, and then withdrew the motion for an in camera interview so as to be able to raise an issue on appeal.
¶ 38} I find nothing arbitrary or inherently unfair about the magistrate's actions. Accordingly, I dissent.